**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**RALPH WARREN GOLDEN,**

    **Petitioner,**

v.                                                **Case No. 1:22cv146-AW/MAF**

**RICKY DIXON, Secretary,
Florida Department of Corrections,**[1]

    **Respondent.**
_____/

**REPORT AND RECOMMENDATION**

On or about June 17, 2022, Ralph Warren Golden, a state inmate proceeding pro se, initiated this case by filing a handwritten complaint alleging Judge James M. Colaw, an Alachua County judge, lacked personal and subject matter jurisdiction to have presided over his criminal case. ECF No. 1. By order on June 30, 2022, this Court found uncurable deficiencies in the complaint, struck the complaint, and directed that, for this case to proceed, Mr. Golden needed to file a petition for writ of habeas corpus naming the Florida Department of Corrections as Respondent, and pay the

---

[1]The proper respondent in habeas corpus challenges to present physical confinement is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242. Therefore, the Clerk of Court shall substitute Ricky D. Dixon, Secretary, Florida Department of Corrections as Respondent.

$5.00 filing fee or submit a motion for leave to proceed in forma pauperis (IFP).  ECF No. 3.

Mr. Golden has now submitted a § 2254 petition.  ECF No. 5.  Thus, this case shall proceed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the Clerk of Court shall correct the cause and nature of suit docket information accordingly.   Petitioner Golden has also submitted a motion for leave to proceed in forma pauperis (IFP), which is granted.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter.  See Rule 8(a), R. Gov. § 2254 Cases.  The petition should be dismissed for lack of jurisdiction as it is an unauthorized successive petition.  See Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## **Procedural Background**

The petition indicates Golden challenges his conviction dated November 16, 2005, and sentence imposed March 20, 2006, by the Eighth Judicial Circuit, Alachua County, Florida, following a jury trial in case number

2004-CF-3328.  ECF No. 5 at 1-2.  In response to a question about previous petitions, Golden indicates he filed a habeas petition in this Court in 2013, with assigned case number 1:10cv113-MP/GRJ.  *Id*. at 6.

A search of this Court's cases confirms that Golden previously filed a § 2254 petition in this Court challenging this conviction.  *See* <u>Golden v. McNeil</u>, No. 1:10cv113-MP/GRJ, ECF No. 1 (§ 2254 petition).  By order on September 17, 2013, this Court denied the petition on the merits and denied a certificate of appealability.  *See id*. ECF Nos. 59 (Order), 60 (Judgment); *see also id*. ECF No. 54 (Report and Recommendation filed July 25, 2013). Golden appealed to the Eleventh Circuit Court of Appeals.  *See id*. ECF Nos. 66-69.  On April 15, 2014, in case number 13-15549, the Eleventh Circuit denied Golden's application for a certificate of appealability.  *Id*. ECF No. 73.

In 2017, Golden applied to the Eleventh Circuit for an order authorizing a second or successive petition for writ of habeas corpus, and on November 21, 2017, the Eleventh Circuit denied that application.  *Id*. ECF No. 75. Golden subsequently again applied to the Eleventh Circuit for authorization of a second or successive petition, and on March 8, 2019, the Eleventh Circuit again denied his application.  *Id*. ECF No. 76.

In the meantime, on December 13, 2018, Golden filed a § 2241 habeas corpus petition also challenging the same state court conviction.  <u>Golden v.</u>

Jones, No. 1:18cv245-MW/GRJ, ECF No. 1 (§ 2241 petition). By order on January 11, 2019, this Court dismissed the petition for lack of jurisdiction, explaining Golden needed authorization from the Eleventh Circuit to file a second or successive petition. *See id*. ECF Nos. 6 (Order), 7 (Judgment); *see also id*. ECF No. 6 (Report and Recommendation filed December 18, 2018).

## Analysis

Petitioner Golden has not shown a jurisdictional basis for this habeas action. This petition challenges his confinement pursuant to the same state court judgment he challenged in his prior federal habeas petitions. "The Antiterrorisim and Effective Death Penalty Act gives state prisoners only one opportunity to challenge their sentence in federal court." Patterson v. Sec'y, Fla. Dep't of Corr., 849 F.3d 1321, 1328 (11th Cir. 2017) (en banc).

This Court cannot consider a second or successive § 2254 petition unless the Eleventh Circuit Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); Burton v. Stewart, 549 U.S. 147 (2007) (holding that federal district court lacked jurisdiction to entertain § 2254 petition

because state inmate did not obtain order from Court of Appeals authorizing him to file second petition); *see also* Rule 9, Rules Gov. § 2254 Cases ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). *See also* 28 U.S.C. § 2244(b)(2)(B); Tompkins v. Sec'y, Dep't of Corr., 557 F.3d 1257, 1260 (11th Cir. 2009) (explaining "[t]he stringent requirements that a petitioner must meet before being allowed to assert a claim in a second habeas petition because of newly discovered facts about events that occurred before the filing of the first petition are contained in § 2244(b)(2)(B)" and "the proper procedure would be to obtain from [the Eleventh Circuit] an order authorizing the district court to consider the second or successive petition"); Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1353 (11th Cir. 2007) (explaining Jordan had filed pro se application in Eleventh Circuit seeking order permitting him to file successive § 2254 petition to raise claim of actual innocence based on newly discovered evidence and "[a] panel of this Court found that Jordan had made out a prima facie case under 28 U.S.C. § 2244(b)(2)(B) for filing a second or successive petition in the district court and entered an order permitting him to do so").

Case No. 1:22cv146-AW/MAF

Indeed, "[s]ection 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it." Tompkins, 557 F.3d at 1259. Nothing indicates Golden has obtained such an order from the Eleventh Circuit. Therefore, this § 2254 petition should be dismissed for lack of jurisdiction.

## Conclusion

Based on the foregoing, it is respectfully **RECOMMENDED** that Petitioner Golden's § 2254 petition, ECF No. 5, be **DISMISSED for lack of jurisdiction as it is an unauthorized successive petition**. Golden's IFP motion, ECF No. 6, is **GRANTED**. The Clerk of Court shall substitute Ricky D. Dixon as Respondent. The Clerk of Court is also directed to correct the docket to reflect this is a habeas case, rather than a civil rights case.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the

court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the § 2254 petition (ECF No. 5) be **DISMISSED for lack of jurisdiction as it is an unauthorized successive petition.**  Petitioner's IFP motion (ECF No. 6) is **GRANTED**.   The Clerk of Court shall substitute Ricky D. Dixon as Respondent.  The Clerk of Court is also directed to correct the docket to

reflect the proper cause and nature of suit as a habeas case, rather than a civil rights case.  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 2, 2022.

<u>S/  Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**